UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 0:24-cv-60052

AT LAW AND IN ADMIRALTY

JANE DOE,

      Plaintiff,

v.

MSC CRUISES S.A. and
MSC CRUISE MANAGEMENT (UK) LIMITED,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES

      The Plaintiff, JANE DOE, hereby sues the Defendants, MSC CRUISES S.A. and MSC

CRUISE MANAGEMENT (UK) LIMITED (hereinafter referred to individually by their names

or collectively as the "Defendants" or "MSC CRUISES") and files this Complaint for Damages

and says:

## THE PARTIES AND JURISDICTION

      1.     This is an action for damages that exceeds $75,000 exclusive of interest, costs, and

attorneys' fees.

      2.     **THE PLAINTIFF.**   The Plaintiff, JANE DOE, (hereinafter referred to as

"Plaintiff" or "Doe") is *sui juris* and is a citizen and resident of the state of Palm Bay, Florida, for

purposes of diversity. "JANE DOE" is an alias used because of the nature of the events in this

matter. The Defendants are aware of the identity of JANE DOE, as provided in the notice sent to

the Defendants.

3.      **THE DEFENDANT- MSC CRUISES S.A**. The Defendant, MSC CRUISES, SA, (hereinafter "MSC CRUISES") is a citizen of the foreign nation of Switzerland, is incorporated outside of the state of Florida in the country of Switzerland, but does business in the State of Florida, and at all times material hereto was and is doing business in Broward County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred along with co-Defendant, MSC CRUISE MANAGEMENT (UK) LIMITED. The Defendant, MSC CRUISES, was identified in the passenger ticket contract as the "carrier" and also is the employer of the perpetrator who committed the acts committed herein and operated the subject vessel at all times herein.

4.      **THE DEFENDANT – MSC CRUISE MANAGEMENT (UK) LIMITED.** The Defendant, MSC CRUISE MANAGEMENT (UK) LIMITED (hereinafter "MSC MANAGEMENT"), is incorporated outside of the state of Florida and is a citizen of the foreign nation of the United Kingdom. The Defendant does business in the State of Florida and at all times material hereto was and is doing business in Broward County, Florida. At all times material hereto, the Defendant, MSC MANAGEMENT, owned/or operated the cruise ship on which the subject negligence occurred along with co-Defendant, MSC CRUISES. The Defendant, MSC MANAGEMENT, writes and/or dictates the policies for co-Defendant, MSC CRUISES, including but not limited to the screening and monitoring procedures and the supervision of employees including but not limited to the crewmember who is the perpetrator of the subject sexual assault that is the subject of this complaint. Upon information and belief, the Defendant, MSC MANAGEMENT, supervises the hiring and/or policy making in regards to the hiring of employees and/or the crewmembers including but not limited to the perpetrator who committed the sexual assault that is the subject of this complaint.

5.      **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333.

6.      **VENUE AND PERSONAL JURISDICTION – MSC CRUISES S.A. AND MSC CRUISE MANAGEMENT (UK) LIMITED.** The Defendants at all times material hereto, themselves or through an agent or representative, in the County and in the District in which this Complaint is filed:

    (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    (b) Had an office or agency in this state and/or county; and/or

    (c) Engaged in substantial activity within this state; and/or

    (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

7.      **PERSONAL JURISDICTION CONSENT OR WAIVER:** The Defendants consented to and/or waived personal jurisdiction in the ticket contract between the parties. The ticket contract requires that the Plaintiff file suit for personal injury in the Southern District of Florida. The Ticket Contract defines the term "Carrier" to include the "Carriers, the carrying vessel (the "Cruise Ship"), its **owner, charterer, operator,** any tenders or other means of transport provided by the Carrier to the Passenger." Therefore, the Defendants are included as "Carriers" which consent to jurisdiction.

8. **SPECIFIC PERSONAL JURISDICTION:**   Alternatively, the Defendants are subject to specific personal jurisdiction in the Southern District of Florida. There is an adequate link between this forum and these claims. This suit relates to and/or arises out of activities in this forum or is related to the Defendants' contacts with this forum. See, e.g., *Ford Motor Co. v. Mt. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1038 (2021) and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

9. The Defendants' ships, which include the *MSC Meraviglia,* regularly and continuously enter United States waters including in Florida. The Defendants' negligence in this case occurred on a cruise with the port of embarkation in Port Canaveral, Florida.

10. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

11. **DATE OF THE INCIDENT.** The incident occurred at approximately 1:30 a.m. on March 5, 2023.

12. **LOCATION OF THE INCIDENT.** The incident occurred while the ship was in navigable waters and while the Plaintiff was a passenger onboard the *MSC Meraviglia*. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, this incident occurred in stateroom 12247 on board the *Meraviglia* cruise ship owned and operated by the Defendants.

13. **STATUS OF PLAINTIFF AS OF THE DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship

described herein and, accordingly, was an invitee while on the vessel.  The Plaintiff does not have a copy of the subject ticket, but the Defendants do.

14.     **THE *MSC MERAVIGLIA*.**  The Defendants advertise on their website that "a cruise isn't just one of the most luxurious and relaxing ways to see the world, it's also one of the safest."[1] The Defendants, in their literature and advertisements represents directly or indirectly that they provide a safe, secure and fun experience onboard their ships. These representations on their website are false. In an effort to save their public image and preserve profits rather than ensure the safety and security of its passengers, the Defendants under-report crimes that occur onboard to U.S. authorities, the press, and the public. The under-reporting and false representations cause the American public, including the Plaintiff herein, to choose the Defendants' cruise ships and, when on board, to let down their guard as to the dangerous tendencies of crew members. Passengers, including the Plaintiff herein, rely on these false representations.

15.     The Defendants provide a compact and isolated living space on the *MSC Meraviglia* for up to 4,500 passengers and 1,536 crew. Crimes occur with great regularity on these isolated and compact ships. The Defendants have had years of notice of crimes occurring onboard their ships. These crimes include sexual assaults. Despite having notice of these crimes and sexual assaults occurring, the Defendants fail to protect their female passengers from sexual assault, battery and rape by its crew members and/or officers. The Defendants failed to provide a reasonably safe environment for their passengers on the *MSC Meraviglia* and failed to protect passengers from sexual assault, sexual battery and rape by their crew members.

16.     **DESCRIPTION OF THE INCIDENT.** The Defendants' failures allowed a crew member to sexually assault the Plaintiff. Defendants' crew member Pitam provided dinner services

---

[1] *See*  https://www.msccruisesusa.com/faq/safety

on board the *MSC Meraviglia.* As a server, MSC crew member Pitam could easily pray on female passengers. Onboard the *MSC Meraviglia* there are several restaurants and dining options. One such restaurant is the Waves restaurant, which is located on Deck 5. This restaurant offers "classic dining" or fixed time dining, in which you are served by the same waiter each time you dine. Doe and her cousin attended dinner services at Waves every night while on board the *MSC Meraviglia.* Doe and her cousin were served by crew member Pitam when they dined at Waves.

17.     The night of the subject incident, Doe and her cousin went to the onboard casino after dining at Waves. Around midnight, Doe's cousin became tired and decided to return to the cabin to relax. Doe stayed at the casino. A couple of minutes later, Doe received a call from her cousin. Doe's cousin was upset and advised Doe that someone had followed her back to the cabin. Doe's cousin asked Doe to return to the cabin. Doe became worried and immediately went to the cabin to check on her cousin. When Doe returned to the stateroom, crew member Pitam was inside sitting by the mini fridge. Crew member Pitam explained that he had seen Doe's cousin walking down the hall and he went into the stateroom so that other crew members would not see him fraternizing with passengers, as that is against the Defendants' policies and rules. While in the stateroom, crew member Pitam aggressively tried to get Doe and her cousin to drink the alcohol he had brought. Pitam was insistent despite their refusals. Doe accepted a glass of wine but did not drink it.

18.     Doe and her cousin repeatedly asked Pitam to leave their stateroom. Crew member Pitam would not leave. Crew member Pitam stayed in the stateroom for approximately an hour and a half. At one point, Crew member Pitam was alone with Doe while her cousin went to use the restroom. Pitam saw his opportunity and began his violent sexual assault on Doe. Crew member Pitam forcefully grabbed Doe by the arms and licked her face. Crew member Pitam aggressively

threw Doe on the bed. Doe frantically tried to push crew member Pitam off of her but was unsuccessful. Crew member Pitam got on top of Doe and began undoing his belt. Throughout the physical struggle, crew member Pitam was continuously licking Doe's face and trying to undress her.  Doe was screaming during the attack and yelling for Pitam to get off of her. Doe's cousin finally heard the yelling and rushed into the room. Crew member Pitam became distracted and Doe was able to escape. Doe ran into the hallway screaming for help. No help arrived. Crew member Pitam pushed Doe against the wall and threatened her into silence. Crew member Pitam threatened that he would come back and find Doe if she were to report him. Crew member Pitam finally left and the women locked the stateroom door.

19.     The Plaintiff did not consent to the sexual acts described herein. Pitam's actions put Doe in fear of imminent sexual battery and/or rape.

20.     Because of the Defendants' negligence cruise passenger Doe was sexually assaulted. As a result of this violent sexual assault, Doe suffers from Post-Traumatic Stress Disorder (PTSD), severe psychological trauma, fear and nightmares.  Doe has suffered severe and permanent injuries.

21.     **NOTICE: PRIOR INCIDENTS.** The Defendants had notice that sexual molestation, sexual assault, sexual battery, and rape on board their ships are a serious problem.

> Since 2010 cruise lines have been required to keep records of all complaints about certain crimes — including sexual assault and rape — that occur aboard any of their ships during a cruise "that embarks or disembarks passengers in the United States." 46 U.S.C. § 3507(g)(1)(A); see id. § 3507(k)(1). Cruise lines must report those complaints to the FBI and the Department of Transportation. Id. § 3507(g)(3)(A)(i), (ii). The DOT has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about certain crimes — including sexual assault and rape — that occur on board cruise vessels. See id. § 3507(g)(4). Those compilations are called Cruise Line Incident Reports. Cruise Line Incident Reports, U.S. Dep't Transp., https://www.transportation.gov/mission/safety/cruise-line-incident-reports (last updated Apr. 17, 2019).

*K.T.,* 931 F.3d 1047-49. See *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident").

The Defendants had notice of the danger of sexual molestations and sexual assaults on board because of prior similar incidents. See *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1370 (11th Cir. 2018) (accepting that prior reports of similar incidents are sufficient to provide a cruise ship operator with notice of a dangerous condition); *Jones v. Otis Elevator Co.,* 861 F.2d 655, 661–62 (11th Cir. 1988) (stating that although "evidence of similar accidents might be relevant to the defendant's notice," "conditions substantially similar to the occurrence in question must have caused the prior accident"). See *Taiarol v. MSC Crociere S.A*., 677 Fed. Appx. 599 (11th Cir. 2017) (while *Taiariol* was not required to show that another passenger slipped on the same step while in the same theater of the same ship during the same trip, she at least had to produce evidence that another person, while aboard one of the defendant's ships, slipped on the nosing of one of the ship's steps); See *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1287 (11th Cir. 2015). ("The 'substantial similarity' doctrine does not require identical circumstances....").

a) Passenger Jane Doe (A.F.) was on board the *MSC Divina* on January 30, 2020. Doe (A.F.) was a victim of sexual assault perpetrated by a MSC crew member. Doe (A.F.) filed suit as a result of this incident. *Jane Doe (A.F.) v. MSC Cruises*, Case Number: 1:21-cv-20213.

b) Passenger Lexi Jenkins was on board the *MSC Divina* on March 10, 2017. Jenkins was a victim of sexual assault perpetrated by a MSC crew member.  Jenkins filed suit as a result of this incident. *Lexi Jenkins, a minor, by and through her Mother, natural guardian Catherine M. Jenkins v. MSC Cruises*, Case Number: 1:18-cv-22386-MGC.

c) Passenger K.G. on board the *MSC Divina* on February 14, 2016. K.G. was a victim of sexual assault perpetrated by a MSC crew member.  K.G. filed suit as a result of this incident. *K.G., a minor, by and through her Grandfather, natural guardian E.M. v. MSC Cruises*, Case Number: 1-16-cv-23899.

d) Passenger Joshua Beadle was on board the *MSC Divina* on November 23, 2013. Beadle was a victim of sexual assault after being over-served alcohol. Beadle filed suit as a result of this incident. *Beadle v. MSC Crociere*, Case Number: 1:14-cv-23819-JAL.

e) Between July 1, 2019, and September 30, 2019, one sexual assault committed by a passenger was reported. MSC may be in possession of the name and information of this passenger.

f) Between July 1, 2018, and September 30, 2018, one sexual assault committed by a passenger was reported. MSC may be in possession of the name and information of this passenger.

g) Between July 1, 2016, and September 30, 2016, one sexual assault committed by a passenger was reported. MSC may be in possession of the name and information of this passenger.

h) Between April 1, 2016, and June 30, 2016, one sexual assault committed by a passenger was reported. MSC may be in possession of the name and information of this passenger.

22. **NOTICE: ON-GOING, REPETITIVE PROBLEM.**    Additionally, the Defendants had notice that sexual molestation and sexual assault on board their ships are an on-going repetitive problem. The Defendants document and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to

guest services throughout its fleet; prior investigative reports as well as through other documentation.

23. **NOTICE: LENGTH OF TIME.**  The Defendants had notice of the dangerous condition due to the length of time crew member Pitam was in the hallway and inside the Plaintiff's stateroom. Crew member Pitam spent an hour and a half in the stateroom, an area he was not permitted to be in, and spent a significant amount of time lurking in the hallways waiting for the passengers to return to the room. The Defendants could have easily and reasonably observed this and removed the hazardous condition.

24. **DUTIES OWED BY THE DEFENDANTS TO THEIR PASSENGERS IN REGARD TO SEXUAL ASSAULT.**  The general maritime law, state and federal, imposes a strict liability on the common carrier, including the Defendants herein, for sexual assault, sexual battery and rape.  This is a "special non-delegable duty owed by the carrier to the passenger". *Doe v. Celebrity Cruises, Inc*., 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employee's misconduct. *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc*., 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

25. **DUTIES OWED BY THE DEFENDANTS TO THEIR PASSENGERS IN GENERAL.**  The Defendants owe a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004)

citing *Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendants' "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit."  See, e.g., *Chaparro v. Carnival Corporation*, 693 F. 3d 1333 (11th Cir. 2012) and *Carlisle vs. Ulysses Line Limited*, *S.A*., 475 So. 2d 248 (Fla. 3d DCA 1985).

26.     Despite these duties, notice and circumstances of hiring crew described herein, the Defendants failed and continue to fail to monitor and manage their crew members on board the ship in a reasonable manner. The Defendants failed to perform an initial and subsequent review of crew members' mental health, investigate crew members, train, test, counsel including proper testing, training continued testing and/or training. In sum, the Defendants failed to provide a reasonably safe environment for their passengers on the *MSC Meraviglia* and to protect passengers, including the Plaintiff, from sexual assault by their crew member.

27.     The Defendants typically hire young men from developing world countries and pays these young men a minimal wage below the wage which would be required if they hired Americans for the same job. They place these young men on the ship for months at a time and require them to work 7 days a week for 12 to 14 hours a day, all in the name of saving some money. These young men are away from their families and spouses and significant others for the months in which they are assigned to and living onboard the ships.

28.     Despite these circumstances, the Defendants do little or nothing to screen these young men before they are hired, to train the young men when they are hired, or to monitor the activities of these crew members after they are hired. Second, the Defendants poorly screened (or chose not to screen), established the criteria for hiring, poorly and unreasonably trained, and poorly

and unreasonably monitored this and other crew members who would have access to female passengers.

## <u>COUNT I</u>
## <u>STRICT LIABILITY FOR SEXUAL ASSAULT - MSC CRUISES S.A.</u>

29.     The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 28.

30.     This is an action for MSC CRUISES S.A.'s strict liability for the sexual assault committed on the Plaintiff by the acts of MSC CRUISES S.A.'s employee/crewmember on board the *MSC Meraviglia*.

31.     The general maritime law, state and federal, imposes a strict liability on the common carrier, including MSC CRUISES S.A., for sexual assault, and sexual battery.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc*., 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc*., 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

32.     On the date of the subject incident, MSC CRUISES S.A.'s employee committed the intentional acts of sexual assault on the Plaintiff, a passenger.

33.     MSC CRUISES S.A.'s crew member Pitam waited for an opportunity to get the Plaintiff alone while she was vulnerable in her stateroom. Crew member Pitam identified this

moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her. He started this by forcefully licking her face while he attempted to undress her. The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down on the bed. Crew member Pitam attempted to undo his pants while he had the Plaintiff overpowered. The Plaintiff feared that sexual battery was imminent. The Plaintiff did not consent to these sexual acts.

34.     MSC CRUISES S.A. is strictly liable and responsible for the negligent acts of its shipboard crew members who were employees and/or actual agents of MSC CRUISES S.A. This ultimately is based on the fact that the crew members are employees MSC CRUISES S.A. Therefore, under respondeat superior, MSC CRUISES S.A. is liable for the negligence of all crew members working aboard its ships.

35.     When a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating condition. *Yusko v. NCL,* 4 F.4th 1164 (11th Cir. 2021).

36.     MSC CRUISES S.A. had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 11-28 above and incorporated herein.

37.     MSC CRUISES S.A.'s employee's intentional acts of sexual assault of the Plaintiff have caused the Plaintiff to suffer injuries and damages to the Plaintiff. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages in the past and in

the future such as pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The plaintiff has suffered these damages in the past and will continue to suffer these damages in the future as they are permanent and continuing.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendants for damages recoverable under the general maritime law and state law including but not limited to economic damages such as medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future such as pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the General Maritime Law which accrues from the date of the subject incident; all interest due under state statute and state law; and any and all other damages which the Court deems just or appropriate.

## COUNT II
## GENERAL NEGLIGENCE - MSC CRUISES S.A.

38.     The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 28.

39.     This is an action for MSC CRUISES S.A.'s negligence. MSC CRUISES S.A.'s negligence caused the Plaintiff to be violently physically attacked and sexually assaulted by the Defendant's crew member. MSC CRUISES S.A. anticipated and foresaw that crimes such as battery, sexual assault and/or sexual battery would be perpetrated by crew members on passengers

aboard its vessels. MSC CRUISES S.A. knew or should have known of the high risk to its passengers of crime and injury aboard the vessels.

40.      **DUTIES OWED BY MSC CRUISES S.A.:** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).  At all times material hereto, it was the duty of MSC CRUISES S.A. to provide the Plaintiff with reasonable care under the circumstances while the Plaintiff was a passenger aboard the vessel.

41.      As part of MSC CRUISES S.A.'s duty to use reasonable care under the circumstances, the Defendant had the duty to use reasonable care to maintain its ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, sexual battery and rape by crew members on board their ships. MSC CRUISES S.A. had a duty to take precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers.

42.      MSC CRUISES S.A. knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous instances of sexual assault, sexual battery, rape, and attacks perpetrated by crew and/or officers on passengers.

43.      MSC CRUISES S.A. had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships. MSC

CRUISES S.A.  knew or should have known of the high risk to its passengers of crime and injury aboard its vessels.

44.     MSC CRUISES S.A. at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault, sexual battery and/or rape.  Cruise lines, including MSC CRUISES S.A., must report complaints of sexual assault and rape to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels. 46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.    According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships. For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

45.     MSC CRUISES S.A. documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

46.     Because MSC CRUISES S.A. knows or should have known that the most commonly reported crime on cruise ships is sexual assault. MSC CRUISES S.A.'s duty of care includes to taking precautions as reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers.

47.     MSC CRUISES S.A.'s crew member Pitam waited for an opportunity to get the Plaintiff alone while she was vulnerable in her stateroom. Crew member Pitam identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully licking her face while he attempted to undress her.  The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down on the bed. Crew member Pitam attempted to undo his pants while he had the Plaintiff overpowered. The Plaintiff feared that sexual battery was imminent. The Plaintiff did not consent to these sexual acts. MSC CRUISES S.A. failed to protect Doe from this violent sexual assault.

48.     MSC CRUISES S.A. advertises on its website that "a cruise isn't just one of the most luxurious and relaxing ways to see the world, it's also one of the safest."[2] MSC CRUISES S.A., in its literature and advertisements, markets, advertises and represents directly or indirectly that it provides a safe, secure and fun experience. MSC CRUISES S.A. represents that they want guests to "discover the world in absolute style, comfort and safety."[3]

49.     MSC CRUISES S.A. represents that its "top priority continues to be the health and safety of our guest, crew and the communities that our ships visits."[4] MSC CRUISES S.A. further claims to offer "an enriching, immersive and safe cruise experience where you can enjoy international dining, world-class entertainment, award-winning family programmes and the latest user-friendly technology on board."[5]

50.     MSC CRUISES S.A. also represents that "public areas are monitored by cameras, and highly trained Ship Security Officers continuously patrol the ship and are on emergency call

---

[2] *See* https://www.msccruisesusa.com/faq/safety
[3] *See* https://www.msccruisesusa.com/about
[4] *See* https://www.msccruisesusa.com/manage-booking/before-you-go/health-and-safety
[5] *See* https://www.msccruisesusa.com/about

24/7."[6] MSC CRUISES S.A.  further states that "MSC Cruises does not tolerate any behavior affecting the comfort, health, safety, and security of other Guests or our crew."[7]

51.     MSC CRUISES S.A. had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 11-28 above and incorporated herein.

52.     **MSC CRUISES S.A. BREACHED ITS DUTY:** MSC CRUISES S.A. breached its duty to exercise reasonable care and was negligent by its failures and by its choices of rules, regulations, policies, and procedures, and by its other actions and conduct including but not limited to the following: failing to fulfill their representations made in their literature, on-line and otherwise about the safety onboard its ship; failing to make, create and maintain a safe environment passengers as advertised; failing to otherwise maintain a safe environment for its passengers, including the Plaintiff herein; failing to supervise the male crew members; failing to reasonably and properly screen, hire, and retain employees; failing to make inquiries into the background of or otherwise screen those persons, employees and/or agents hired; failing to provide, maintain, and implement reasonable measures to ensure the safety of its passengers; failing to implement proper procedures for the safety and security of the passengers; failing to adequately and sufficiently train, supervise, and or instruct its employees or agents; failing to provide adequate security for the passengers; failing to warn passengers on board the ship about the danger of sexual assault, sexual battery, and rape; failing  to implement  adequate  security  policies, security measures,  and security procedures necessary to protect the female passengers; failing to take additional security measures after being put on notice that the security measures in force were inadequate; failing to adequately provide an adequate and reasonable plan for the safety and security of its passengers which would meet the known industry standards and customs for safety onboard the subject ship;

---

[6] *See* https://www.msccruisesusa.com/faq/safety
[7] *See* https://www.msccruisesusa.com/faq/safety

failing to properly and reasonably train its employees in the proper methods of monitoring the activities of crew members in or around passenger staterooms; and failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case.

53.    **PROXIMATE CAUSE:** MSC CRUISES S.A.'s negligence put the Plaintiff in high risk of crime and personal injury, including sexual assault, and proximately caused the Plaintiff's injuries and psychological trauma. Had MSC CRUISES S.A. used reasonable care and taken precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers, the Plaintiff would never have been sexually assaulted and suffered injuries, including PTSD., nightmares, and severe emotional distress.

54.    **DAMAGES:** MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future;

lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS– MSC CRUISES S.A.**

55.     The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 28.

56.     This is an action for MSC CRUISES S.A.'s intentional infliction of emotional distress based upon the MSC CRUISES S.A.'s actions and conduct before and after the sexual assault. "Although maritime law does not explicitly provide a cause of action for emotional distress, Plaintiffs may nevertheless state an intentional infliction of emotional distress claim in a maritime context." *Markham v. Carnival Corporation*, 2012 WL 12866787 (S.D. Fla. Dec. 3, 2012)(citing *McAllister v. Royal Caribbean Cruises, Ltd.*, 2003 WL 23192102, at *4 (E.D. Pa. Sept. 30, 2003)); *Wallis v. Princess Cruises, Inc*., 306 F.3d 827, 841 (9th Cir. 2002).

57.     MSC CRUISES S.A. through the actions and conduct of its employees or agents, actual or apparent is liable for the intentional infliction of emotional distress. MSC CRUISES S.A intentionally inflicted emotional distress upon the Plaintiff by its actions and conduct before and after the sexual assault.

58.     Sexual assault is outrageous conduct that goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.  Sexual assault can cause and did cause emotional distress to the Plaintiff and the emotional distress was severe.

59.     MSC CRUISES S.A.'s conduct is outrageous and goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.

60.     **EXTREME AND OUTRAGEOUS CONDUCT.** On the date of the subject incident, MSC CRUISES S.A.'s employee committed the intentional acts of sexual assault on the Plaintiff, a passenger. MSC CRUISES S.A.'s crew member Pitam waited for an opportunity to get the Plaintiff alone while she was vulnerable in her stateroom. Crew member Pitam identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully licking her face while he attempted to undress her. The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down on the bed. Crew member Pitam attempted to undo his pants while he had the Plaintiff overpowered. The Plaintiff feared that sexual battery was imminent. The Plaintiff did not consent to these sexual acts.

61.     This attack perpetrated by MSC CRUISES S.A.'s crew member constitutes extreme and outrageous conduct that exceeds all bounds that are usually tolerated by civilized society.

62.     **DELIBERATE OR RECKLESS INFLICTION OF MENTAL SUFFERING.** MSC CRUISES S.A. through the actions and conduct of its employee or agent, actual or apparent, is vicariously or strictly liable for the negligent infliction of emotional distress. The conduct of the crew member was directed at the Plaintiff. The employee of MSC CRUISES S.A. intentionally inflicted emotional distress upon the Plaintiff by its actions and conduct of sexual assault. The crew member intended to cause or recklessly disregarded the probability of causing the Plaintiff emotional distress by his attack and sexual assault on her.

63.     **SEVERE OR EXTREME EMOTIONAL DISTRESS.**  The crew member's conduct caused the Plaintiff severe emotional distress when he sexually assaulted her stateroom.

The Plaintiff suffered severe emotional distress during the attack where she was forcibly sexually assaulted, during which she reasonably feared for her life and safety and ultimately suffered injuries that could endanger her health and life.  The crew member's extreme and/or outrageous conduct caused the Plaintiff severe or extreme emotional distress that is substantial and/or enduring quality.

64.    **PROXIMATE CAUSE:** The crew member's outrageous conduct of sexual assault proximately caused the Plaintiff to experience severe and extreme emotional distress. As a result of this incident, the Plaintiff suffers from psychological trauma including but not limited to PTSD, fright and anxiety which manifested itself as multiple physical symptoms including but not limited to nightmares, trouble concentrating, and being easily startled.

65.    MSC CRUISES S.A. endangered Plaintiff's health and life. MSC CRUISES S.A.'s outrageous conduct proximately caused the Plaintiff to experience severe and extreme emotional distress.

66.    **DAMAGES:** MSC CRUISES S.A.'s intentional infliction of emotional distress proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. The Plaintiff suffers from psychological trauma which manifests itself as multiple physical symptoms. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The

losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT IV**</u>
<u>**NEGLIGENT FAILURE TO WARN- MSC CRUISES S.A.**</u>

67.     The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 28.

68.     This is an action for negligence of MSC CRUISES S.A.'s failing to warn passengers, including the Plaintiff, of known dangers in places where passengers are invited or reasonably expected to visit.  MSC CRUISES S.A. anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels.  It is expected that passengers, including the Plaintiff, will interact with the MSC CRUISES S.A.'s crew members throughout its cruises.

69.     <u>**DUTIES OWED BY MSC CRUISES S.A.:**</u> MSC CRUISES S.A. owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also

owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

70.     MSC CRUISES S.A. at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault, sexual battery and/or rape.  Cruise lines, including MSC CRUISES S.A., must report complaints of sexual assault and rape to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels. 46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.  According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships. For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

71.     MSC CRUISES S.A documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety

meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

72.     MSC CRUISES S.A. knows that the most commonly reported crime on cruise ships is sexual assault. MSC CRUISES S.A. knew or should have known to warn its passengers, including the plaintiff, about the high risk to its passengers of rape, sexual assault, assault and sexual battery and injury aboard the vessels. MSC CRUISES S.A. failed to warn the plaintiff of this danger and because of that failure, she was unaware she needed to take any special precautions while aboard the subject ship.

73.     MSC CRUISES S.A. had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 11-28 above and incorporated herein.

74.     **MSC BREACHED ITS DUTY:** MSC CRUISES S.A. breached its duty to warn the Plaintiff of the dangerous condition and breached its duties to the Plaintiff by its actions and conduct. MSC CRUISES S.A., through its crew members, failed to warn its passengers, including the Plaintiff, about the high risk to passengers of crime and injury aboard the subject vessel. MSC CRUISES S.A. failed to distribute any written materials and/or memos; provide warnings on its website; make audible announcements; play video warning messages or other types of warnings to its passengers that they are at high risk of crime and injury while on their cruise line. MSC CRUISES S.A. also failed to comply with applicable industry standards, statutes, and/or regulations.

75.     **PROXIMATE CAUSE:** MSC CRUISES S.A.'s failure to properly warn the Plaintiff of the high risk of crime and personal injury, including sexual assault, proximately caused the Plaintiff's injuries.  Had MSC CRUISES S.A. properly warned the Plaintiff of the dangerous

condition, she would never have taken the subject cruise and would never have been sexually assaulted.

76.     **DAMAGES:** MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT V**</u>
<u>**NEGLIGENT SECURITY- MSC CRUISES S.A.**</u>

77.     The Plaintiff adopts and realleges each and every allegation in paragraphs 1 through 28.

78.     This is an action for the Defendant's negligent security on board the *MSC Meraviglia,* which allowed one of MSC CRUISES S.A.'s cruise line crew members to sexually assault the Plaintiff.

79.     <u>**DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.**</u>  The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).  The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit."  See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

80.     MSC CRUISES S.A. knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

81.     MSC CRUISES S.A. had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 11-28 above and incorporated herein.

82.     MSC CRUISES S.A. represents that "public areas are monitored by cameras, and highly trained Ship Security Officers continuously patrol the ship and are on emergency call 24/7."[8]

---

[8] *See* https://www.msccruisesusa.com/faq/safety

83.     Passengers, such as the Plaintiff, rely upon MSC CRUISES S.A. to monitor these cameras and provide adequate ship security to protect them from harm.

84.     **<u>MSC CRUISES S.A. BREACHED ITS DUTY:</u>** MSC CRUISES S.A. breached its duty to the Plaintiff. MSC CRUISES S.A. failed to install a sufficient amount of security cameras on the cruise ship in the passenger areas and other public areas, which are monitored by security personnel, which could serve as a deterrent to incidents of sexual assault or permit MSC CRUISES S.A. to respond to such incidents. Because there were not a sufficient amount of security cameras and the security cameras that the ship does have are not adequately monitored, there were no security officers watching the cameras to see crew member Pitam waiting outside a passenger's stateroom with a bottle of wine or entering the stateroom. Because the security cameras were not adequately monitored crew member Pitam was able to go into Doe's stateroom and remain there for an hour and a half and sexually assault her.

85.     MSC CRUISES S.A. also breached its duties by failing to provide a reasonable number of experienced and trained security officers, supervisors, and guards on the cruise ship and/or otherwise provide adequate security to its passengers. Because there was not a sufficient amount of security officers on the ship, the security officers were not adequately patrolling the ship. Had there been an adequate amount of security officers patrolling the ship, a security officer would have patrolled and discovered that crew member Pitam was lurking near the passenger's stateroom or that he had entered the stateroom and forcibly sexually assaulted her.

86.     MSC CRUISES S.A. also breached its duties by failing to promulgate and enforce reasonable rules and regulations regarding preventing sexual harassment and assault from occurring. MSC CRUISES S.A. also failed to ascertain the cause of prior similar accidents so as to take measures to prevent the re-occurrence of sexual harassment and assaults. MSC CRUISES

S.A. failed to investigate the hazards and assess risks to passengers, like the Plaintiff and then take the necessary steps to eliminate or minimize the hazards and risks and/or warn passengers, like the Plaintiff, of the dangers from the hazards and risks. MSC CRUISES S.A. failed to comply with applicable industry standards, statutes, and/or regulations.

87.     Additionally, MSC CRUISES S.A. breached its duties by failing to implement a method of operation that was reasonable and safe and would prevent dangerous conditions such as the one in this case. Because MSC CRUISES S.A. failed to implement a method of operation which would prevent dangerous conditions such as the one in this case, no security officer went to find out why crew member Pitam had entered Doe's stateroom and forcibly sexually assaulted her. Because no security officer went to find out why crew member Pitam had entered Doe's stateroom, Pitam was able to sexually assault the Plaintiff.

88.     **PROXIMATE CAUSE:** MSC CRUISES S.A.'s failures put the Plaintiff in high risk of crime and personal injury, including rape, sexual assault and/or sexual battery and proximately caused the Plaintiff's injuries.  Had MSC CRUISES S.A. properly implemented a security system, the Plaintiff would never have been sexually assaulted.

89.     **DAMAGES:** MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or

continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT VI**</u>
<u>**NEGLIGENT SUPERVISION- MSC CRUISES S.A.**</u>

90.      The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 28.

91.      This is an action for negligent supervision of the MSC CRUISES S.A.'s crew member who sexually assaulted the Plaintiff on board *MSC Meraviglia.*

92.      <u>**DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.**</u> The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).

93. The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

94. MSC CRUISES S.A. had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault and battery by crew and/or officers. In particular, MSC CRUISES S.A. had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault and sexual battery and physical battery, which was reasonably foreseeable.

95. MSC CRUISES S.A. knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, and attacks perpetrated by crew and/or officers on passengers.

96. MSC CRUISES S.A. had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 11-28 above and incorporated herein.

97. **MSC CRUISES S.A. BREACHED ITS DUTY:** MSC CRUISES S.A. breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures that failed to reasonably monitor and supervise its onboard crew. MSC CRUISES S.A. failed to implement and follow reasonable procedures and methods to supervise, monitor, and/or review crew member conduct and interactions with MSC CRUISES S.A.'s passengers. MSC CRUISES S.A. failed to reasonably and properly control its employees and/or provide rules, regulations, policies and/or procedures for employees regarding conduct and/or fraternization with passengers. MSC CRUISES S.A. failed to comply with applicable industry standards, statutes, and/or regulations.

98.     **PROXIMATE CAUSE:** MSC CRUISES S.A.'s failure to properly monitor and supervise its crew members put the Plaintiff in high risk of crime and personal injury, including sexual assault, and proximately caused the Plaintiff's injuries. Had MSC CRUISES S.A. properly monitored and supervised its crew members the Plaintiff would never have been sexually assaulted.

99.     **DAMAGES:** MSC CRUISES S.A.'s negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISES S.A. for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT VII
## STRICT LIABILITY FOR SEXUAL ASSAULT - MSC CRUISE MANAGEMENT (UK) LIMITED

100.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 28.

101.    This is an action for MSC CRUISE MANAGEMENT (UK) LIMITED's strict liability for the sexual assault committed on the Plaintiff by the acts of MSC CRUISE MANAGEMENT (UK) LIMITED's employee/crewmember on board the *MSC Meraviglia*

102.    The general maritime law, state and federal, imposes a strict liability on the common carrier, including MSC CRUISE MANAGEMENT (UK) LIMITED, for sexual assault, and sexual battery.  This is a "special non-delegable duty owed by the carrier to the passenger".  *Doe v. Celebrity Cruises, Inc*., 394 F. 3d 891, 907 (11th Cir. 2004); *New Orleans and N.E.R. Co. v. Jopes,* 142 U.S. 18, 12 S.Ct. 109, 35 L.Ed. 919 (1891); *New Jersey Steam-Boat Co. v. Brockett*, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); thus, the cruise line has an "unconditional responsibility" for its employees misconduct.  *Tullis v. Fidelity and Casualty Company of New York*, 397 F. 2d 22, 23 (5th Cir. 1968) as cited by the Eleventh Circuit Court of Appeals in *Doe v. Celebrity Cruises Inc*., 394 F. 3d at 909.  "It is a widely adopted rule that common carriers owe such an absolute duty to their passengers".  *See Doe v. Celebrity Cruises Inc*. 394 F. 3d at 911.

103.    On the date of the subject incident, MSC CRUISE MANAGEMENT (UK) LIMITED's employee committed the intentional acts of sexual assault on the Plaintiff, a passenger.

104.    MSC CRUISE MANAGEMENT (UK) LIMITED's crew member Pitam waited for an opportunity to get the Plaintiff alone while she was vulnerable in her stateroom. Crew member Pitam identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by

forcefully licking her face while he attempted to undress her. The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down on the bed. Crew member Pitam attempted to undo his pants while he had the Plaintiff overpowered. The Plaintiff feared that sexual battery was imminent. The Plaintiff did not consent to these sexual acts.

105.    MSC CRUISE MANAGEMENT (UK) LIMITED is strictly liable and responsible for the negligent acts of its shipboard crew members who were employees and/or actual agents of MSC CRUISE MANAGEMENT (UK) LIMITED This ultimately is based on the fact that the crew members are employees MSC CRUISE MANAGEMENT (UK) LIMITED  Therefore, under respondeat superior, MSC CRUISE MANAGEMENT (UK) LIMITED is liable for the negligence of all crew members working aboard its ships.

106.    When a passenger makes a maritime negligence claim against a shipowner based on an employee's negligence under a theory of vicarious liability, the passenger need not establish that the shipowner had actual or constructive notice of a risk-creating condition. *Yusko v. NCL*, 4 F.4th 1164 (11th Cir. 2021).

107.    MSC CRUISE MANAGEMENT (UK) LIMITED had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 11-28 above and incorporated herein.

108.    MSC CRUISE MANAGEMENT (UK) LIMITED's employee's intentional acts of sexual assault of the Plaintiff have caused the Plaintiff to suffer injuries and damages to the Plaintiff. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future. Those injuries and damages also include but are not limited to non-

economic damages in the past and in the future such as pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The plaintiff has suffered these damages in the past and will continue to suffer these damages in the future as they are permanent and continuing.

**WHEREFORE**, the Plaintiff demands Judgment against the Defendants for damages recoverable under the general maritime law and state law including but not limited to economic damages such as medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future such as pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the General Maritime Law which accrues from the date of the subject incident; all interest due under state statute and state law; and any and all other damages which the Court deems just or appropriate.

## COUNT VIII
## GENERAL NEGLIGENCE - MSC CRUISE MANAGEMENT (UK) LIMITED

109.   The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 28.

110.   This is an action for MSC CRUISE MANAGEMENT (UK) LIMITED's negligence. MSC CRUISE MANAGEMENT (UK) LIMITED's negligence caused the Plaintiff to be violently physically attacked and sexually assaulted by the Defendant's crew member. MSC CRUISE MANAGEMENT (UK) LIMITED anticipated and foresaw that crimes such as battery, sexual assault and/or sexual battery would be perpetrated by crew members on passengers aboard

its vessels. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known of the high risk to its passengers of crime and injury aboard the vessels.

111.    **<u>DUTIES OWED BY MSC CRUISE MANAGEMENT (UK) LIMITED:</u>** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004).  The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).  At all times material hereto, it was the duty of MSC CRUISE MANAGEMENT (UK) LIMITED to provide the Plaintiff with reasonable care under the circumstances while the Plaintiff was a passenger aboard the vessel.

112.    As part of MSC CRUISE MANAGEMENT (UK) LIMITED's duty to use reasonable care under the circumstances, the Defendant had the duty to use reasonable care to maintain its ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault, sexual battery and rape by crew members on board their ships. MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to take precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers.

113.    MSC CRUISE MANAGEMENT (UK) LIMITED knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous instances of sexual assault, sexual battery, rape, and attacks perpetrated by crew and/or officers on passengers.

114.    MSC CRUISE MANAGEMENT (UK) LIMITED had experienced and had actual knowledge of assaults and batteries and sexual crimes, and other violence between passengers and

between passengers and crew and anticipated and foresaw that crimes would be perpetrated on passengers aboard cruise ships. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known of the high risk to its passengers of crime and injury aboard its vessels.

115.    MSC CRUISE MANAGEMENT (UK) LIMITED at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault, sexual battery and/or rape.  Cruise lines, including MSC CRUISE MANAGEMENT (UK) LIMITED, must report complaints of sexual assault and rape to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels.  46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.  According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships.  For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

116.    MSC CRUISE MANAGEMENT (UK) LIMITED documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

117.    Because MSC CRUISE MANAGEMENT (UK) LIMITED knows or should have known that the most commonly reported crime on cruise ships is sexual assault. MSC CRUISE

MANAGEMENT (UK) LIMITED's duty of care includes to taking precautions as reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers.

118.    MSC CRUISE MANAGEMENT (UK) LIMITED's crew member Pitam waited for an opportunity to get the Plaintiff alone while she was vulnerable in her stateroom. Crew member Pitam identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully licking her face while he attempted to undress her.  The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down on the bed. Crew member Pitam attempted to undo his pants while he had the Plaintiff overpowered. The Plaintiff feared that sexual battery was imminent. The Plaintiff did not consent to these sexual acts. MSC CRUISE MANAGEMENT (UK) LIMITED failed to protect Doe from this violent sexual assault.

119.    MSC CRUISE MANAGEMENT (UK) LIMITED advertises on its website that "a cruise isn't just one of the most luxurious and relaxing ways to see the world, it's also one of the safest."[9] MSC CRUISE MANAGEMENT (UK) LIMITED, in its literature and advertisements, markets, advertises and represents directly or indirectly that it provides a safe, secure and fun experience. MSC CRUISE MANAGEMENT (UK) LIMITED represents that they want guests to "discover the world in absolute style, comfort and safety."[10]

120.    MSC CRUISE MANAGEMENT (UK) LIMITED represents that its "top priority continues to be the health and safety of our guest, crew and the communities that our ships visits."[11]

---

[9] *See*  https://www.msccruisesusa.com/faq/safety
[10] *See* https://www.msccruisesusa.com/about
[11] *See* https://www.msccruisesusa.com/manage-booking/before-you-go/health-and-safety

MSC CRUISE MANAGEMENT (UK) LIMITED further claims to offer "an enriching, immersive and safe cruise experience where you can enjoy international dining, world-class entertainment, award-winning family programmes and the latest user-friendly technology on board."[12]

121.   MSC CRUISE MANAGEMENT (UK) LIMITED also represents that "public areas are monitored by cameras, and highly trained Ship Security Officers continuously patrol the ship and are on emergency call 24/7."[13] MSC CRUISE MANAGEMENT (UK) LIMITED  further states that "MSC Cruises does not tolerate any behavior affecting the comfort, health, safety, and security of other Guests or our crew."[14]

122.   MSC CRUISE MANAGEMENT (UK) LIMITED had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 11-28 above and incorporated herein.

123.   **MSC CRUISE MANAGEMENT (UK) LIMITED BREACHED ITS DUTY:** MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to exercise reasonable care and was negligent by its failures and by its choices of rules, regulations, policies, and procedures, and by its other actions and conduct including but not limited to the following: failing to fulfill their representations made in their literature, on-line and otherwise about the safety onboard its ship; failing to make, create and maintain a safe environment passengers as advertised; failing to otherwise maintain a safe environment for its passengers, including the Plaintiff herein; failing to supervise the male crew members; failing to reasonably and properly screen, hire, and retain employees; failing to make inquiries into the background of or otherwise screen those persons, employees and/or agents hired; failing to provide, maintain, and implement reasonable measures to ensure the safety of its passengers; failing to implement proper procedures for the safety and

---

[12] *See* https://www.msccruisesusa.com/about
[13] *See* https://www.msccruisesusa.com/faq/safety
[14] *See* https://www.msccruisesusa.com/faq/safety

security of the passengers; failing to adequately and sufficiently train, supervise, and or instruct its employees or agents; failing to provide adequate security for the passengers; failing to warn passengers on board the ship about the danger of sexual assault, sexual battery, and rape; failing to implement adequate security policies, security measures, and security procedures necessary to protect the female passengers; failing to take additional security measures after being put on notice that the security measures in force were inadequate; failing to adequately provide an adequate and reasonable plan for the safety and security of its passengers which would meet the known industry standards and customs for safety onboard the subject ship; failing to properly and reasonably train its employees in the proper methods of monitoring the activities of crew members in or around passenger staterooms; and failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case.

124. **PROXIMATE CAUSE:** MSC CRUISE MANAGEMENT (UK) LIMITED's negligence put the Plaintiff in high risk of crime and personal injury, including sexual assault, and proximately caused the Plaintiff's injuries and psychological trauma. Had MSC CRUISE MANAGEMENT (UK) LIMITED used reasonable care and taken precautions as were reasonably necessary to protect its passengers from sexual assault, sexual battery, and rape, which were reasonably foreseeable dangers, the Plaintiff would never have been sexually assaulted and suffered injuries, including PTSD., nightmares, and severe emotional distress.

125. **DAMAGES:** MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning

capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT IX**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – MSC CRUISE**</u>
<u>**MANAGEMENT (UK) LIMITED**</u>

126.    The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 28.

127.    This is an action for MSC CRUISE MANAGEMENT (UK) LIMITED's intentional infliction of emotional distress based upon the MSC CRUISE MANAGEMENT (UK) LIMITED's actions and conduct before and after the sexual assault. "Although maritime law does not explicitly provide a cause of action for emotional distress, Plaintiffs may nevertheless state an intentional infliction of emotional distress claim in a maritime context." *Markham v. Carnival Corporation*,

2012 WL 12866787 (S.D. Fla. Dec. 3, 2012)(citing *McAllister v. Royal Caribbean Cruises, Ltd.*, 2003 WL 23192102, at *4 (E.D. Pa. Sept. 30, 2003)); *Wallis v. Princess Cruises, Inc*., 306 F.3d 827, 841 (9th Cir. 2002).

128.    MSC CRUISE MANAGEMENT (UK) LIMITED through the actions and conduct of its employees or agents, actual or apparent is liable for the intentional infliction of emotional distress. MSC CRUISES S.A intentionally inflicted emotional distress upon the Plaintiff by its actions and conduct before and after the sexual assault.

129.    Sexual assault is outrageous conduct that goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.  Sexual assault can cause and did cause emotional distress to the Plaintiff and the emotional distress was severe.

130.    MSC CRUISE MANAGEMENT (UK) LIMITED's conduct is outrageous and goes beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.

131.    **EXTREME AND OUTRAGEOUS CONDUCT.** On the date of the subject incident, MSC CRUISE MANAGEMENT (UK) LIMITED's employee committed the intentional acts of sexual assault on the Plaintiff, a passenger. MSC CRUISE MANAGEMENT (UK) LIMITED's crew member Pitam waited for an opportunity to get the Plaintiff alone while she was vulnerable in her stateroom. Crew member Pitam identified this moment as his opportunity to sexually assault her. This crew member decided he was going to forcefully grab the Plaintiff and do whatever he wanted to her.  He started this by forcefully licking her face while he attempted to undress her. The Plaintiff tried to get away but failed. The crew member escalated his efforts and brutishly overpowered the Plaintiff and pushed her down on the bed. Crew member Pitam

attempted to undo his pants while he had the Plaintiff overpowered. The Plaintiff feared that sexual battery was imminent. The Plaintiff did not consent to these sexual acts.

132.    This attack perpetrated by MSC CRUISE MANAGEMENT (UK) LIMITED's crew member constitutes extreme and outrageous conduct that exceeds all bounds that are usually tolerated by civilized society.

133.    **DELIBERATE OR RECKLESS INFLICTION OF MENTAL SUFFERING.**

MSC CRUISE MANAGEMENT (UK) LIMITED through the actions and conduct of its employee or agent, actual or apparent, is vicariously or strictly liable for the negligent infliction of emotional distress. The conduct of the crew member was directed at the Plaintiff. The employee of MSC CRUISE MANAGEMENT (UK) LIMITED intentionally inflicted emotional distress upon the Plaintiff by its actions and conduct of sexual assault. The crew member intended to cause or recklessly disregarded the probability of causing the Plaintiff emotional distress by his attack and sexual assault on her.

134.    **SEVERE OR EXTREME EMOTIONAL DISTRESS.**  The crew member's conduct caused the Plaintiff severe emotional distress when he sexually assaulted her stateroom. The Plaintiff suffered severe emotional distress during the attack where she was forcibly sexually assaulted, during which she reasonably feared for her life and safety and ultimately suffered injuries that could endanger her health and life.  The crew member's extreme and/or outrageous conduct caused the Plaintiff severe or extreme emotional distress that is substantial and/or enduring quality.

135.    **PROXIMATE CAUSE:** The crew member's outrageous conduct of sexual assault proximately caused the Plaintiff to experience severe and extreme emotional distress. As a result of this incident, the Plaintiff suffers from psychological trauma including but not limited to PTSD,

fright and anxiety which manifested itself as multiple physical symptoms including but not limited to nightmares, trouble concentrating, and being easily startled.

136.   MSC CRUISE MANAGEMENT (UK) LIMITED endangered Plaintiff's health and life. MSC CRUISE MANAGEMENT (UK) LIMITED's outrageous conduct proximately caused the Plaintiff to experience severe and extreme emotional distress.

137.   **DAMAGES:** MSC CRUISE MANAGEMENT (UK) LIMITED's intentional infliction of emotional distress proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. The Plaintiff suffers from psychological trauma which manifests itself as multiple physical symptoms. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE** the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages  recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the

date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

### COUNT X
### NEGLIGENT FAILURE TO WARN- MSC CRUISE MANAGEMENT (UK) LIMITED

138.    The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1 through 28.

139.    This is an action for negligence of MSC CRUISE MANAGEMENT (UK) LIMITED's failing to warn passengers, including the Plaintiff, of known dangers in places where passengers are invited or reasonably expected to visit.  MSC CRUISE MANAGEMENT (UK) LIMITED anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels.  It is expected that passengers, including the Plaintiff, will interact with the MSC CRUISE MANAGEMENT (UK) LIMITED's crew members throughout its cruises.

140.    **DUTIES OWED BY MSC CRUISE MANAGEMENT (UK) LIMITED:** MSC CRUISE MANAGEMENT (UK) LIMITED owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

141.    MSC CRUISE MANAGEMENT (UK) LIMITED at all relevant times, as well as other major cruise lines, have been required to keep records of all complaints about certain crimes, which include sexual assault, sexual battery and/or rape.  Cruise lines, including MSC CRUISE MANAGEMENT (UK) LIMITED, must report complaints of sexual assault and rape to the FBI and the Department of Transportation.  *See* 46 U.S.C. §3507(g)(1)(A); 46 U.S.C. §3507(k)(1); 46 U.S.C. §3507(g)(3)(A)(i),(ii). The Department of Transportation has a statutory duty to compile the reports and publish quarterly "statistical compilation[s]" about crimes, including sexual assault and rape that occur on board cruise vessels.  46 U.S.C. §3507(g)(4).  These compilations are titled Cruise Line Incident Reports and maintained on the United States Department of Transportation website at https://www.transportation.gov/mission/safety/cruise-line-incident-reports.  According to the Department of Transportation, sexual assault is the most common crime reported on cruise ships.  For example, in 2022, cruise lines reported 67 crimes to the Department of Transportation, 57 of which involved sexual assaults.

142.    MSC CRUISES S.A documents and, as a matter of law, must report prior incidents involving rape, sexual assault, assault and other crimes, which may include prior shipboard safety meetings; logs or databases of prior similar incidents; prior complaints made to guest services throughout its fleet; prior investigative reports as well as through other documentation.

143.    MSC CRUISE MANAGEMENT (UK) LIMITED knows that the most commonly reported crime on cruise ships is sexual assault. MSC CRUISE MANAGEMENT (UK) LIMITED knew or should have known to warn its passengers, including the plaintiff, about the high risk to its passengers of rape, sexual assault, assault and sexual battery and injury aboard the vessels. MSC CRUISE MANAGEMENT (UK) LIMITED failed to warn the plaintiff of this danger and because

of that failure, she was unaware she needed to take any special precautions while aboard the subject ship.

144.    MSC CRUISE MANAGEMENT (UK) LIMITED had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 11-28 above and incorporated herein.

145.    **MSC BREACHED ITS DUTY:** MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to warn the Plaintiff of the dangerous condition and breached its duties to the Plaintiff by its actions and conduct. MSC CRUISE MANAGEMENT (UK) LIMITED, through its crew members, failed to warn its passengers, including the Plaintiff, about the high risk to passengers of crime and injury aboard the subject vessel. MSC CRUISE MANAGEMENT (UK) LIMITED failed to distribute any written materials and/or memos; provide warnings on its website; make audible announcements; play video warning messages or other types of warnings to its passengers that they are at high risk of crime and injury while on their cruise line. MSC CRUISE MANAGEMENT (UK) LIMITED also failed to comply with applicable industry standards, statutes, and/or regulations.

146.    **PROXIMATE CAUSE:** MSC CRUISE MANAGEMENT (UK) LIMITED's failure to properly warn the Plaintiff of the high risk of crime and personal injury, including sexual assault, proximately caused the Plaintiff's injuries.  Had MSC CRUISE MANAGEMENT (UK) LIMITED properly warned the Plaintiff of the dangerous condition, she would never have taken the subject cruise and would never have been sexually assaulted.

147.    **DAMAGES:** MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related

expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages  recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT XI
## NEGLIGENT SECURITY- MSC CRUISE MANAGEMENT (UK) LIMITED

148.    The Plaintiff adopts and realleges each and every allegation in paragraphs 1 through 28.

149.    This is an action for the Defendant's negligent security on board the *MSC Meraviglia,* which allowed one of MSC CRUISE MANAGEMENT (UK) LIMITED's cruise line crew members to sexually assault the Plaintiff.

150. **DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN GENERAL.** The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

151. MSC CRUISE MANAGEMENT (UK) LIMITED knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, rapes, and attacks perpetrated by crew and/or officers on passengers.

152. MSC CRUISE MANAGEMENT (UK) LIMITED had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 11-28 above and incorporated herein.

153. MSC CRUISE MANAGEMENT (UK) LIMITED represents that "public areas are monitored by cameras, and highly trained Ship Security Officers continuously patrol the ship and are on emergency call 24/7."[15]

154. Passengers, such as the Plaintiff, rely upon MSC CRUISE MANAGEMENT (UK) LIMITED to monitor these cameras and provide adequate ship security to protect them from harm.

155. **MSC CRUISE MANAGEMENT (UK) LIMITED BREACHED ITS DUTY:** MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to the Plaintiff. MSC CRUISE MANAGEMENT (UK) LIMITED failed to install a sufficient amount of security cameras on the

---

[15] *See* https://www.msccruisesusa.com/faq/safety

cruise ship in the passenger areas and other public areas, which are monitored by security personnel, which could serve as a deterrent to incidents of sexual assault or permit MSC CRUISE MANAGEMENT (UK) LIMITED to respond to such incidents. Because there were not a sufficient amount of security cameras and the security cameras that the ship does have are not adequately monitored, there were no security officers watching the cameras to see crew member Pitam waiting outside a passenger's stateroom with a bottle of wine or entering the stateroom. Because the security cameras were not adequately monitored crew member Pitam was able to go into Doe's stateroom and remain there for an hour and a half and sexually assault her.

156.    MSC CRUISE MANAGEMENT (UK) LIMITED also breached its duties by failing to provide a reasonable number of experienced and trained security officers, supervisors, and guards on the cruise ship and/or otherwise provide adequate security to its passengers. Because there was not a sufficient amount of security officers on the ship, the security officers were not adequately patrolling the ship. Had there been an adequate amount of security officers patrolling the ship, a security officer would have patrolled and discovered that crew member Pitam was lurking near the passenger's stateroom or that he had entered the stateroom and forcibly sexually assaulted her.

157.    MSC CRUISE MANAGEMENT (UK) LIMITED also breached its duties by failing to promulgate and enforce reasonable rules and regulations regarding preventing sexual harassment and assault from occurring. MSC CRUISE MANAGEMENT (UK) LIMITED also failed to ascertain the cause of prior similar accidents so as to take measures to prevent the re-occurrence of sexual harassment and assaults. MSC CRUISE MANAGEMENT (UK) LIMITED failed to investigate the hazards and assess risks to passengers, like the Plaintiff and then take the necessary steps to eliminate or minimize the hazards and risks and/or warn passengers, like the

Plaintiff, of the dangers from the hazards and risks. MSC CRUISE MANAGEMENT (UK) LIMITED failed to comply with applicable industry standards, statutes, and/or regulations.

158.   Additionally, MSC CRUISE MANAGEMENT (UK) LIMITED breached its duties by failing to implement a method of operation that was reasonable and safe and would prevent dangerous conditions such as the one in this case. Because MSC CRUISE MANAGEMENT (UK) LIMITED failed to implement a method of operation which would prevent dangerous conditions such as the one in this case, no security officer went to find out why crew member Pitam had entered Doe's stateroom and forcibly sexually assaulted her. Because no security officer went to find out why crew member Pitam had entered Doe's stateroom, Pitam was able to sexually assault the Plaintiff.

159.   **PROXIMATE CAUSE:** MSC CRUISE MANAGEMENT (UK) LIMITED's failures put the Plaintiff in high risk of crime and personal injury, including rape, sexual assault and/or sexual battery and proximately caused the Plaintiff's injuries.  Had MSC CRUISE MANAGEMENT (UK) LIMITED properly implemented a security system, the Plaintiff would never have been sexually assaulted.

160.   **DAMAGES:** MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of

life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>COUNT XII</u>
<u>NEGLIGENT SUPERVISION- MSC CRUISE MANAGEMENT (UK) LIMITED</u>

161.     The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 28.

162.     This is an action for negligent supervision of the MSC CRUISE MANAGEMENT (UK) LIMITED's crew member who sexually assaulted the Plaintiff on board *MSC Meraviglia.*

163.     <u>**DUTIES OWED BY THE DEFENDANT TO ITS PASSENGERS IN**</u> <u>**GENERAL.**</u>  The Defendant owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21,2004) *citing Kermarec v. Compagnie Generate Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); and *Harnesk vs. NCL Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991).

164.     The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

165.     MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to use reasonable care under the circumstances to maintain their ship in a reasonably safe condition commensurate with the activities conducted thereon and to prevent harm to its passengers resulting from the foreseeable sexual assault and battery by crew and/or officers.  In particular, MSC CRUISE MANAGEMENT (UK) LIMITED had a duty to take such precautions as were reasonably necessary to protect its passengers from sexual assault and sexual battery and physical battery, which was reasonably foreseeable.

166.     MSC CRUISE MANAGEMENT (UK) LIMITED knew, or in the exercise of reasonable care should have known, that on board the cruise ships, there have been numerous sexual assaults, sexual batteries, and attacks perpetrated by crew and/or officers on passengers.

167.     MSC CRUISE MANAGEMENT (UK) LIMITED had actual and/or constructive notice of the dangerous condition as alleged in paragraphs 11-28 above and incorporated herein.

168.     **<u>MSC CRUISE MANAGEMENT (UK) LIMITED BREACHED ITS DUTY:</u>** MSC CRUISE MANAGEMENT (UK) LIMITED breached its duty to exercise reasonable care under the circumstances by its failures and by its choices of rules, regulations, policies, and procedures that failed to reasonably monitor and supervise its onboard crew. MSC CRUISE MANAGEMENT (UK) LIMITED failed to implement and follow reasonable procedures and methods to supervise, monitor, and/or review crew member conduct and interactions with MSC CRUISE MANAGEMENT (UK) LIMITED's passengers.  MSC CRUISE MANAGEMENT (UK) LIMITED failed to reasonably and properly control its employees and/or provide rules, regulations,

policies and/or procedures for employees regarding conduct and/or fraternization with passengers. MSC CRUISE MANAGEMENT (UK) LIMITED failed to comply with applicable industry standards, statutes, and/or regulations.

169.   **PROXIMATE CAUSE:** MSC CRUISE MANAGEMENT (UK) LIMITED's failure to properly monitor and supervise its crew members put the Plaintiff in high risk of crime and personal injury, including sexual assault, and proximately caused the Plaintiff's injuries. Had MSC CRUISE MANAGEMENT (UK) LIMITED properly monitored and supervised its crew members the Plaintiff would never have been sexually assaulted.

170.   **DAMAGES:** MSC CRUISE MANAGEMENT (UK) LIMITED's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands Judgment against MSC CRUISE MANAGEMENT (UK) LIMITED for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the

enjoyment of life; all court costs, all interest due under the applicable law including interest from the

date of the subject incident under the General Maritime Law, and any and all other damages which

the Court deems just or appropriate.

By: _s/ Loretta Guevara_____
**LORETTA GUEVARA, ESQ.** (FBN 1002422)
lguevara@hickeylawfirm.com
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504